IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAURICE A. ALEXANDER**, | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 09-1977** |
| **ROY E. HANCOCK, et al.**, | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Maurice A. Alexander, proceeding *pro se*, has sued Charles County Administrator Roy E. Hancock, Charles County Sheriff Rex W. Coffey, and La Plata Police Officer Corporal Mark Powers, pursuant to 42 U.S.C. § 1983, alleging that Defendants used racially motivated excessive force during an arrest and denied him adequate health care while in custody, thereby violating his rights under the Fourth Amendment to the U.S. Constitution.[1]

Cpl. Powers has filed a Motion to Dismiss, asserting that Alexander fails to state a claim upon which relief may be granted because he was not the officer who caused any injury to Alexander. [Paper No. 9]. Alternatively, Powers seeks summary judgment. Hancock and Coffey have filed a Motion to Dismiss [Paper No. 11], arguing that liability based on *respondeat superior* does not apply in Section 1983 actions and that neither of them were present during or actively involved in the alleged misconduct.

---

[1] Alexander has filed a Motion to Appoint Counsel [Paper No. 15], claiming that his age and illness prevent his comprehension of what he characterizes as complex legal issues. The Motion is **DENIED**. The Court finds that Alexander is sufficiently capable of presenting and has in fact adequately presented his claim.

1

For the following reasons, Powers' Motion to Dismiss is **DENIED**; his Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE** [Paper No. 9]. The Motion to Dismiss of Hancock and Coffey [Paper No. 11] is **GRANTED**.

**I.**

On August 23, 2008, Powers, a member of the La Plata Police Department, responded to a reported theft not in progress at the Safeway Store in La Plata. Chris Burley, a Safeway employee, advised Powers that he had witnessed a man, later identified as Andrew H. Belton, loading cases of water into a yellow Penske van. Burley asked the man for a receipt, but was told that a woman, later identified as Tanya Stewart, had the receipt and that she was still inside the grocery store. Burley went inside the store to call police, at which point the Penske van left the area. Burley told Powers that a total of eight cases of Dasani water, worth $80.00, and fourteen twelve-packs of Pepsi Cola, worth $44.00, had been taken from the front of the store.

A lookout was issued for the Penske van, which soon after was seen in the parking lot of Jimmies Liquor Store in White Plains, Maryland. There, a witness saw the driver change shirts before pulling the van onto Willet's Crossing Road and Crain Highway. In short order, the van was pulled over by Corporal D. M. Bell of the Charles County Sheriff's Office. Bell, allegedly with his gun drawn, ordered two male suspects from the cab of the van. Alexander avers that he was the passenger in the van and that Belton was the driver. According to Alexander, when Bell ordered him from the cab of the van, even though Alexander complied, he was searched, his ID taken from him, and he was called a racial epithet. After being handcuffed, Alexander refused to comply with the officer's order to get down on the ground. Alexander claims he was then thrown to

the ground, which he alleges caused him to suffer six fractured ribs, four lost lower teeth, and a collapsed lung. Bell, on the other hand, states that he kicked Alexander's feet from underneath him, forcing him to fall. After Alexander fell, Belton, the driver of the vehicle, and Tanya Stewart, a third occupant found in the back of the van along with the allegedly stolen merchandise, were also arrested.

Powers, while at the La Plata Safeway learned of the stop of the van and drove Burley, the Safeway employee, to the scene of the stop for possible identification of the suspects. When he arrived, Burley positively identified the vehicle and Belton, but indicated that he had not seen Alexander during the theft.

At the parking lot of the liquor store following his fall, Alexander complained of shoulder pain and requested medical attention. Bell and Powers state that an ambulance arrived to treat Alexander and that either Alexander was examined and released or that he declined treatment. Alexander claims that he was denied any medical attention either at the scene or at the Charles County Detention Center, and further that, while at the Detention Center, he was in such pain that fellow inmates had to give him crack cocaine.

After being taking to a Commissioner at the Charles County Detention Center and being formally charged, Alexander claims that he was shoved out into the Detention Center parking lot, where he collapsed. A passerby found him and called an ambulance. Alexander was taken to the Civista Hospital Emergency Room in Charles County where he stayed for five days. He claims he suffered six broken ribs, lost four teeth and had a collapsed lung. The toxicology screen reported drugs in his system.

Alexander brings this action under 42 U.S.C. § 1983, seeking compensatory damages, pain and suffering damages, damages for deprivation of his constitutional rights, punitive damages and reasonable attorney's fees.

**II.**

A motion to dismiss filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court may dismiss the complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sonoma*, 534 U.S. 506, 514 (2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In ruling on a motion to dismiss, the court should "[accept] all well-pleaded allegations in the plaintiff's complaint as true and [draw] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards*, 178 F.3d at 244. However, the court does not need to accept any fact inconsistent with the complaint's allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Associates, Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Thus, while Rule 12(b)(6) is a liberal pleading standard, "more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Migdal v. Rowe Price-Fleming Intl., Inc.*, 248 F.3d 321, 326 (4th Cir. 2001). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (required "showing, rather than a blanket assertion, of entitlement to relief").

**III.**

A motion for summary judgment under Rule 56 challenges the factual sufficiency of the complaint. Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "Whether or not a genuine issue of material fact exists is a determination for the court…." *Cram v. Sun Insurance Office, Ltd.*, 375 F.2d 670, 673 (4th Cir. 1967). That determination should afford the party opposing a motion for summary judgment "all favorable inferences which can be drawn from the evidence." *Id.* at 674.

However, denial of summary judgment requires a genuine issue of material fact, not just "the mere existence of *some* alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). Materiality is determined by the substantive law—"[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* Whether it is a *genuine* issue is judged on whether a reasonable jury could find for the non-moving party. *See id.* at 250.

**IV.**

**A.**

Alexander alleges that Powers is liable for his injuries because he says (and Powers denies that) it was Powers who exerted excessive force during an unjustified arrest accompanied by an illegal search.

5

The parties do not dispute that the Penske van Alexander was traveling in was pulled over by a Charles County Deputy Sheriff. The parties also agree that at some point during his arrest, Alexander was either pushed or kicked to the ground while handcuffed, sustaining injuries.

In support of his Motion to Dismiss or alternatively for Summary Judgment, Powers -- a Police Officer not a County Deputy Sheriff -- calls attention to portions of a document which Alexander himself has offered, i.e. the Police Report, that Powers argues does not identify him as having stopped, arrested or even touched Alexander, but in fact identifies a Charles County Deputy Sheriff as having done so. The Court finds the Police Report somewhat confusing in this regard, since it is unclear who in fact the "I" is who appears in the Report. That may or may not refer to Powers. Under the circumstances, the Court will deny Powers' Motion to Dismiss for failure to state a claim, as well as his alternative Motion for Summary Judgment. The Motion for Summary Judgment is denied without prejudice and may be immediately renewed by Powers, accompanied by the <u>full</u> Police Report and an appropriate affidavit from Powers to the effect that he did not arrest, touch Alexander, etc., just as he argues in his present Motion for Summary Judgment. At this point, assuming Powers properly asserts that it was not he who did the allegedly wrongful things, Alexander will have to respond with appropriate arguments.

**B.**

Hancock and Coffey also move for dismissal of the Complaint for failure to state a claim upon which relief can be granted. Alexander alleges that Coffey is liable under 42 U.S.C. § 1983 because he failed to ensure that inmates would receive adequate medical

6

treatment when requested. Hancock, he says, is liable under 42 U.S.C. § 1983 because, as acting County Administrator, he failed to adequately supervise Sheriff Coffey.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…." Therefore, a plaintiff is entitled to relief if he is able to show that the injury suffered was caused directly by the defendant, *see Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (citing *Bennett v. Gravelle*, 323 F.Supp. 203, 214 (D. Md. 1971), aff'd 451 F.2d 1011 (4th Cir. 1971)), or was caused by some custom or policy implemented or executed by defendant, *see Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691.

Alexander has not alleged, either in his Complaint or in his responses to the Motions to Dismiss, that either Hancock or Coffey had any personal involvement in causing his injuries. Neither, therefore, can be held liable in his individual capacity. *See Vinnedge*, 550 F.2d at 928 (holding that in order for an individual defendant to be held liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of plaintiff's rights").

Hancock and Coffey can only be held in the case if Alexander can plausibly plead and prove that there was a custom or policy implemented by Charles County and executed by its officials to deny arrestees or detainees required and requested medical

7

treatment.  *See Monell*, 436 U.S. at 690.  Alexander bases his claim solely upon this single incident.

While he argues that single or isolated incidents may suffice to establish a policy for purposes of Section 1983 liability, this is only true in limited circumstances, which are inapplicable to the case at bar.  *See Avery v. County of Burke*, 660 F.2d 111, 114 (4th Cir. 1981) (isolated incidents sufficient when *policy* affected clearly identifiable *group*); *see also Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-81 (1986) (single incident sufficient when *policy* specifically tailored to specific situation).  Without a plausible allegation of a custom or policy in place to deny arrestees and inmates medical care, the Section 1983 claim against Hancock and Coffey must fail.  As law enforcement supervisors, Hancock and Coffey had no independent duty to provide immediate medical attention to someone who might sustain injuries in connection with an arrest.  Accordingly, their Motion to Dismiss [Paper No. 11] will be **GRANTED WITH PREJUDICE**.

A separate Order will issue.

|  | /s/ |
|---|---|
|  | **PETER J. MESSITTE** |
| **June 25, 2010** | **UNITED STATES DISTRICT JUDGE** |